PERRY v. BARNEY. See Case No. 11,013.

---

## Case No. 11,000.

PERRY et al. v. BARRY.

[1 Cranch, C. C. 204.] [1]

Circuit Court, District of Columbia. Dec. Term, 1804.

PARTIES — ASSIGNEES OF BANKRUPT UNDER ENGLISH STATUTE—PROMISE TO PAY—NO CONSIDERATION.

The assignees of a British bankrupt cannot maintain a suit in their own names, in Maryland, against a debtor of the bankrupt, and it seems that a promise to pay the money to them would be void for want of a consideration.

Indebitatus assumpsit for money had and received by defendant [James Barry] to the use of the bankrupt [Nantes, surviving partner of R. Muilman & Co.], and of the plaintiffs as his assignees. Hadfield, of London, held a protested bill for $19,000, drawn by Browne, of Richmond, Virginia, and assigned it to Muilman & Co., of London, for collection, who employed Barry (the defendant) as their agent to collect it. Muilman & Co. became bankrupt. Barry collected the money and remitted it to Hadfield, who afterwards also became bankrupt. The assignees of Muilman & Co. contended that the money belonged to that house, and brought this action to recover it.

C. Lee, for plaintiff, contended, 1st. That all the right of Muilman & Co. was transferred to their assignees; 2d. That they were competent to receive a promise from the defendant to pay, and to maintain this action upon such a promise; 3d. That the letter of the 18th of July, 1798, and the other letters amount to a special assumpsit and account current with Muilman & Co., and a promise to pay to the plaintiffs; and prayed the court to instruct the jury, 1. That plaintiffs had a good title to the money, and, 2. That it was not defeated by the payment to Hadfield. Upon the first point he cited the following cases: Phillips v. Hunter, 2 H. Bl. 409; Young v. Willing, 2 Dall. [2 U. S.] 276; Harris v. Mandeville, Id. 256; Emory v. Greenough, 3 Dall. [3 U. S.] 369; Bruce v. Bruce, 2 Bos. & P. 229, note; Pipon v. Pipon, Amb. 25; Cook, Bankr. Law, 497; Hunter v. Potts, 4 Term R. 182.

Mr. Mason, for defendant, contended, 1st. That the assignees, under the British bankrupt laws, have no power to maintain an action, as such, in this court; 2d. That noth-

ing which has passed between James Barry and the assignees has given them that right. 1. The laws of one country have no effect in another. Cheston v. Page, 4 Har. & McH. 463 (in the court of appeals in Maryland); Sill v. Worswick, 1 H. Bl. 665; Hunter v. Potts, 4 Term R. 182; Phillips v. Hunter (in the exchequer) 2 H. Bl. 409. The point decided in these cases is, that in case of a British bankruptcy, if a British subject sends to a foreign country and gets effects of the bankrupt, and brings them to England, the assignees have a right to recover them. But that is not the present case. This debt was not contracted in England, but in America. Mr. Barry, the defendant, is not a British subject. The bankrupt laws of England were never considered as of force in Maryland, and many tracts of land in that state are now held under attachments against bankrupts. A large tract, called "Bradford's Rest," is now thus held by Colonel George Plater. Mr. Brown of Annapolis, a fugitive bankrupt, now maintains actions in his own name. If this should be considered as a voluntary assignment, yet it will not authorize the assignees to sue in their own name. A chose in action is not assignable. By the local law of this country, this debt cannot be assigned. Assignees may sue in the name of the bankrupt. The acts of assembly of Maryland, 1704, c. 29, and 1753, c. 36, give the commissioners of bankruptcy a right to sue, provided they shall give bond, &c.; this shows that the statutes of bankruptcy did not extend to this country. 2. Nothing has passed between the plaintiffs and the defendant which will authorize them to maintain this action. 1. There is no promise contained in the letter; 2. If there is such a promise, it is void for want of consideration. The assignment was of no force (according to the acts of 1704 and 1753) until the assignees should give bond, &c., which they never did. The remedy must be pursued according to the laws of this country.

THE COURT was of opinion, 1. That the assignment did not give the assignees a right to maintain an action in their own names in right of the bankrupt, and that whatever may be the general principle, it must yield to the laws of Maryland (1704 and 1753) enacted upon that subject; 2. That there was no evidence of an express assumpsit by the defendant to the plaintiffs, and if there was, yet as the assignment is to be considered as totally void, there was no consideration; 3. That if the action had been in the name of the bankrupt, the assignment, being void, could not have been set up as a bar.

The plaintiffs became nonsuit.

[For an action by the same plaintiffs against other defendants, see Perry v. Crammond, Case No. 11,005.]

---

[1] [Reported by Hon. William Cranch, Chief Judge.]